## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| STEPHEN C. BULLOCK, in his official capacity as Governor of Montana; MONTANA DEPARTMENT OF REVENUE; STATE OF NEW JERSEY,<br><br>*Plaintiffs*,<br><br>v.<br><br>INTERNAL REVENUE SERVICE; CHARLES RETTIG, in his official capacity as Commissioner of the Internal Revenue Service; UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>*Defendants*. | Case No. 4:18-cv-00103-BMM<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY (LOCAL RULE 7.4)** |

Earlier today, the Supreme Court of the United States issued the attached decision in *Azar v. Allina Health Services et al.*, No. 17-1484, which affirms several principles under the Administrative Procedure Act that are relevant to this case.

*First*, the Court reaffirms that "[u]nder the APA, 'substantive rules' are those that have the 'force and effect of law,' while 'interpretive rules' are those that merely 'advise the public of the agency's construction of the statues and rules which it administers.'" *Id.* at Slip Op. 6 (quoting *Perez v. Mortgage Bankers Assn.*, 575 U.S. 92 (2015)); *see* Doc. 42 at 27−32 (arguing that Revenue Procedure 2018-38 is a legislative rule, not an interpretive rule, because it has the force of law).

*Second*, the Court holds that "[a]gencies have never been able to avoid notice and comment simply by mislabeling their substantive pronouncements. On the

contrary, courts have long looked to the *contents* of the agency's action, not the agency's self-serving *label*, when deciding whether statutory notice-and-comment demands apply." *Azar*, Slip. Op. 8 (emphasis in original); *see* Doc. 42 at 29–30 (discussing the contents of Revenue Procedure 2018-38).

  *Third*, *Azar* explains that "[n]otice and comment gives affected parties fair warning of potential changes in the law and an opportunity to be heard on those changes—and it affords the agency a chance to avoid errors and make a more informed decision." *Azar*, Slip Op. 15–16; *cf.* Doc. 42 at 42 (explaining that, had the IRS followed the APA, "Montana and New Jersey would have been able to bring to the agency's attention the importance of [Schedule B] information in administering their state tax and consumer-protection regimes.").

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>*/s/Glenn Moramarco*</td><td>*/s/ Raphael Graybill*</td></tr>
<tr><td>Glenn Moramarco</td><td>Raphael Graybill</td></tr>
<tr><td>ASSISTANT ATTORNEY GENERAL</td><td>CHIEF LEGAL COUNSEL</td></tr>
<tr><td>Katherine A. Gregory</td><td>P.O. Box 200801</td></tr>
<tr><td>DEPUTY ATTORNEY GENERAL</td><td>Helena, MT 59620-0801</td></tr>
<tr><td></td><td>(406) 444-3179</td></tr>
<tr><td>Gurbir S. Grewal</td><td>*raphael.graybill@mt.gov*</td></tr>
<tr><td>ATTORNEY GENERAL OF NEW JERSEY</td><td></td></tr>
<tr><td>Richard J. Hughes Justice Complex</td><td>*/s/ Deepak Gupta*</td></tr>
<tr><td>25 Mark Street, 8th Floor, West Wing</td><td>Deepak Gupta</td></tr>
<tr><td>Trenton, NJ 08625</td><td>Daniel Wilf-Townsend</td></tr>
<tr><td>(609) 376-3235</td><td>GUPTA WESSLER PLLC</td></tr>
<tr><td>*glenn.moramarco@law.njoag.gov*</td><td>1900 L Street, NW, Suite 312</td></tr>
<tr><td>*katherine.gregory@law.njoag.gov*</td><td>Washington, DC 20036</td></tr>
<tr><td></td><td>(202) 888-1741</td></tr>
<tr><td>*Attorneys for Plaintiff State of New Jersey*</td><td>*Attorneys for Plaintiffs Stephen C. Bullock and Montana Department of Revenue*</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, I electronically filed the foregoing notice with the Clerk of the Court using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Deepak Gupta*
Deepak Gupta